[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PRESENTMENT OF ATTORNEY PURSUANT TO PRACTICE BOOK § 2-41
The court finds the allegations of the presentment in Paragraphs 1, 2, 3 and 4 to have been proven and are true. The court attaches to this Memorandum of Decision, a copy of the information in the United States District Court and the District Court of Connecticut Judgment in the criminal case. Substantially, he was convicted of embezzling $109,000 in money belonging to a bankruptcy estate of Cobra Resources Incorporated. He used that money for his own purposes. He was sentenced to a period of probation of five years, and ordered to pay $109,000 in restitution at the rate of $750 a month (at a minimum). In addition, he is to serve six months in community confinement (halfway house). Thereafter, he is confined to his home for a period of three months community service of four hours per week for two years for a total of 400 hours, and he shall maintain full employment.
The court in rendering this decision has heard the evidence and listened to the arguments of the parties. The court has reviewed all the exhibits, in particular Holt Exhibit #1 consisting of multiple tabs of information concerning this matter. The court finds as aggravating circumstances under § 9.22, (C) a pattern of misconduct, (H) Vulnerability of the victims (no one there to stop him), (I) substantial experience in the practice of law (this is a lawyer since December 20, 1982 who should have known better). The court considered the aggravating and mitigating circumstances. The court imposes five year suspension effective September 2, 1998. The court takes this action pursuant to § 2-41 of the Practice Book.) The court finds that this was not an isolated incident, not a one-time event. There were approximately 50 different separate deductions made from that fund.
The court appoints Attorney Sharon Geise of Westport, Connecticut pursuant to Practice Book § 2-64 to take whatever action seems indicated to protect the interest of the clients of Attorney Carl T. Holt.
KARAZIN, J.
UNITED STATES DISTRICT COURTDISTRICT OF CONNECTICUT
 JUDGMENT IN A CRIMINAL CASE
CT Page 9936
CASE NO. 3:98 CR 15 (PCD)
UNITED STATES OF AMERICA AUDA Denise Derby
U.S. Attorney v.
CARL T. HOLT Robert Sullivan
97 Pheasant Run Road Defendant's Attorney Wilton, Connecticut 06897 SSN: 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 DOB: 11/11/46
The defendant waived indictment and pled guilty to count 1. Therefore the defendant is adjudged of being guilty of court 1
which involve the following offenses:
Title Section: 18, U.S.C. § 153 Count: 1
Nature of Offense: Embezzlement by a Bankruptcy Trustee. Date Offense Concluded: 6/1/95
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
The defendant is hereby sentenced to a period of probation of 5 years.
Special Conditions of Probation include The defendant's first 6months of Probation shall be served in community confinement(half-way house); upon release from community confinement, thedefendant is hereby confined to his home for a period of 3 monthswithout electronic monitoring. During this period of housearrest. the defendant shall be home at all times except foremployment, religious obligations, medical attention, andcommunity service. The defendant shall engage in no socialactivities with the exception of those exclusively familyoriented. The defendant shall pay restitution in the amount of$109,000.00 payable at the rate of $750.00 a month (at aminimum), payable to the victim(s), as determined by the UnitedStates Probation Officer (USPO), subject to modification asdeemed appropriate by the USPO taking into consideration thedefendant's financial situation. Additionally, the defendantshall perform community service for a period of 4 hours per weekfor 2 years for a total of 400 hours, and shall obtain andmaintain full employment.
It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, CT Page 9937 costs and special assessments imposed by this judgment are fully paid. In addition to the special conditions of probation/supervised release imposed above, it is hereby Ordered that the general conditions of probation/supervised release set out on the reverse side be imposed.
It is ordered that the defendant shall pay a Special Assessment of $100.00, for count 1 which shall be due immediately.
 June 12, 1998 Date of Imposition of Sentence Peter C. Dorsey, Senior Judge, U.S.D.C. June 12, 1998
CERTIFIED AS A TRUE COPY ON THIS DATE BY: Deputy Clerk
 UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT
UNITED STATES OF AMERICA : DOCKET NO. ____________
v. : VIOLATION: 18 U.S.C. § 153
[Embezzlement by a CARL T. HOLT : Bankruptcy Trustee]
 I N F O R M A T I O N
The United States Attorney charges:
 COUNT ONE
On or about June 24, 1994 and continuing through June 1, 1995, within the District of Connecticut, the defendant, CARL HOLT, a trustee for the bankruptcy estate of Cobra Resources, Inc., a debtor, did knowingly and fraudulently embezzle and appropriate to his own use approximately One Hundred and Nine Thousand Dollars ($109,000) in money belonging to said estate, which money came into his charge and custody by virtue of his position as trustee.
All in violation of Title 18, United States Code, Section 153. CT Page 9938
UNITED STATES OF AMERICA
 JOHN H. DURHAM UNITED STATES ATTORNEY
 BARBARA BAILEY JONGBLOED DEPUTY CHIEF, CRIMINAL DIVISION ASSISTANT-UNITED STATES ATTORNEY
DENISE DERBY